[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Andrew J. Bobkowicz (hereafter "Bobkowicz"), was formerly employed by the plaintiff, Norfield Corporation (hereafter "Norfield"), and the defendant, Lunn Industries (hereafter "Lunn"), pursuant to an employment contract for a period of three years. When Bobkowicz's employment was prematurely terminated, the matter was submitted to an arbitrator pursuant to the terms of the employment contract. That arbitrator, by decision dated August 2, 1995, found in favor of Bobkowicz, and determined that Norfield and Lunn were jointly and severally liable under the employment contract.
On August 8, 1995, Bobkowicz commenced an action entitledBobkowicz v. Lunn Industries, Docket No. 321502, seeking confirmation of the arbitrator's award. On September 1, 1995, Lunn moved to vacate the arbitrator's award, and on September 28, 1995, Norfield also moved to vacate the award. On October 3, 1995, Bobkowicz filed an objection to Norfield's motion to vacate. On October 6, 1995, the court, Moraghan, J., sustained Bobkowicz's objection to Norfield's motion to vacate on the ground that Norfield's motion was untimely pursuant to General Statutes § 52-420(b). That section recites, inter alia, "[n]o motion to vacate . . . an [arbitrator's] award may be made after thirty days from the notice of the award to the party . . . who makes the motion."
In the meantime, on September 21, 1995, Norfield commenced this action by the filing of a "Complaint for Declaratory Judgment," in which Norfield seeks to have the court determine the amount it is liable to Bobkowicz for the arbitration award. Counsel for Bobkowicz filed an appearance in this action on September 29, 1995. On November 1, 1995, Bobkowicz moved to dismiss the instant action on the basis of the prior pending action for confirmation of the arbitration award.
The requirements of Practice Book § 142 are clear. A motion to dismiss filed more than thirty (30) days after an CT Page 13994 attorney has filed an appearance is untimely and cannot be entertained. See Brunswick v. Inland Wetlands Commission,222 Conn. 541, 551 (citing requirements of Practice Book § 142). Bobkowicz's motion is untimely and, therefore, denied.
The court has entered an order confirming the arbitration award as against Norfield and, consequently, there is no "prior pending action" to support the motion to dismiss. The issue is more properly one of collateral estoppel, which like res judicata must be pleaded and proven as a special defense. See Labbe v.Pension Commission, 229 Conn. 801, 816.
An order may enter denying the motion to dismiss on either or both grounds.
Moraghan, J.